# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-00321-AH (AGRx) | Date July 9, 2025 |
| Title *Cesar Acevedo v. Elitevanity LLC, et al.* | |

Present: The Honorable **Anne Hwang, United States District Judge**

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION FOR DEFAULT JUDGMENT [DKT. NO. 18]

Before the Court is a Motion for Default Judgment ("Motion") filed by Plaintiff Cesar Acevedo ("Plaintiff") against Defendants Elitevanity, LLC and 800 S. San Fernando Blvd., LLC (collectively, "Defendants"). Dkt. No. 18. Defendants have not filed an opposition and Plaintiff has not filed a reply.

The Motion was set for a hearing on **July 2, 2025**. The Court considered the papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

### A. Factual Background

The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of

the complaint, except those relating to the amount of damages, will be taken as true." (internal quotation marks and citations omitted)).

Plaintiff is an individual with a physical disability.  Compl. ¶ 1, Dkt. No. 1. He suffers from multiple sclerosis and uses a wheelchair at all times when traveling in public.  *Id.*  The Complaint alleges that "Defendants are, or were at the time of the incident, the real property owners, business operators, lessors and/or lessees of the real property for [a] bathroom supply store ('Business') located at or about 800 S. San Fernando Blvd., Burbank, California."  Compl. ¶ 2.

In or about October 2024, Plaintiff visited and attempted to enter the Business but was unable to enter because it has no accessible entrance.  Compl. ¶¶ 10–13.  Specifically, the Business's entrance has a step instead of a proper ramp. Compl. ¶ 13.  Plaintiff alleges that a site inspection revealed additional barriers to entry, but the Court notes that there is no specificity as to this allegation and that the allegation appears in many, if not all, of the complaints filed by Plaintiff's counsel's firm.  Compl. ¶ 15.  Defendants have the financial capacity to remove the barrier "without much difficulty or expenses" but have failed to do so or to otherwise conform to accessibility regulations.  Compl. ¶ 17.  Plaintiff alleges that he would like to return to the Business but does not because of its inaccessibility. Compl. ¶ 14.

Based on the foregoing, the Complaint asserts five causes of action: (1) a claim for violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) a claim for violation of the Unruh Civil Rights Act; (3) a claim for violation of the California Disabled Persons Act; (4) a claim for violation of California Health and Safety Code § 19955, *et seq.*; and (5) a claim for negligence.  Compl. ¶¶ 18–45.

### B.     Procedural Background

On February 12, 2025, Plaintiff purportedly served Defendants with copies of the Summons and the Complaint by personal service.  *See* Proof of Service, Dkt. Nos. 10–11.  Defendants, however, failed to appear or otherwise respond to the Complaint.  *See, e.g.*, Motion at 5; *see generally* Dkt.  Plaintiff therefore filed a request for the Clerk to enter default against Defendants, and default was entered on March 4, 2025.  Dkt. Nos. 14–15.

In addition, the Court issued an Order to Show Cause why the Court should exercise supplemental jurisdiction over Plaintiff's state law claims.  Dkt. No. 12. Plaintiff responded, and the Court issued an Order Declining to Exercise

Supplemental Jurisdiction over the state law claims. Dkt. Nos. 13, 17. Thus, only Plaintiff's claim under the ADA remains. Dkt. No. 17.

On April 22, 2025, the Court issued a separate Order to Show Cause and instructed Plaintiff to respond by May 30, 2025. Dkt. No. 16. Pursuant to that Order to Show Cause, Plaintiff filed this Motion on May 30, 2025. Dkt. No. 18.

## II.   LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

However, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F.Supp.2d 916, 919 (C.D. Cal. 2010) (internal quotation marks and citations omitted). The Ninth Circuit has outlined factors for a court to consider when deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether the defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (the "*Eitel* factors").

"[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citations omitted). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citations omitted). "If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the amount

and character of the relief that should be awarded." *Landstar*, 725 F.Supp.2d at 920 (internal quotation marks and citations omitted).

### III.   DISCUSSION

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).  The decision of whether to enter default judgment is within the sole discretion of the trial court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one").  To determine whether a default judgment is appropriate, the Court must assess whether Plaintiff has met the jurisdictional, procedural, and substantive requirements.

#### A.   Jurisdiction

Before entering default judgment, the Court has an "affirmative duty" to evaluate the basis for jurisdiction over the defendant, as "[a] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).  Federal courts do not have personal jurisdiction over a defendant unless he has been properly served under Rule 4 of the Federal Rules of Civil Procedure.  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

Under Rule 4, service on a corporation within a judicial district of the United States may be made by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).  Here, Michael Rogers, the person who served papers, appears to have served Defendants by delivering a copy of the Summons and Complaint to the agents authorized to receive service of process. *See* Proofs of Service, Dkt. Nos. 10–11.[1]

---

[1] Plaintiff also included a "Proof of Service" with his Motion, certifying that the Motion and accompanying documents were served to Defendants via mail at the same address at which service of process was made.  Proof of Service, Dkt. No. 18-6.

Accordingly, the Court has personal jurisdiction over Defendants.

### B. Procedural Requirements

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). The Local Rules also require the party moving for default judgment to submit a declaration establishing: (a) when and against what party the default was entered; (b) the identification of the pleading to which default was entered; (c) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) that the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521, does not apply; and (e) that notice has been served on the defaulting party, if required by Rule 55(b)(2). *See* C.D. Cal. R. 55-1.

Having reviewed the filings in this action, the Court determines that all procedural requirements under Federal Rule of Civil Procedure 55 and Local Rule 55-1 have been met. On March 4, 2025, the Clerk entered default against Defendants after they failed to respond to the Complaint. Dkt. No. 15. Based on a declaration provided by Plaintiff's counsel, Defendants are not infants, incompetent persons, or in the military. *See* Decl. of Jason J. Kim ("Kim Decl.") ¶ 3, Dkt. No. 18-2.

Accordingly, Plaintiff has met the procedural requirements for obtaining a default judgment.

### C. Substantive Requirements

With respect to the substantive requirements, the Ninth Circuit directs courts to consider seven discretionary factors before rendering a decision on a motion for default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The seven factors are: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *See id.*

### 1. Possibility of Prejudice

The first factor asks the Court to consider if prejudice to the Plaintiff would occur without the default judgment, where there is no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). Because Defendants' failure to answer the Complaint constitutes an admission as to the allegations contained in the Complaint, the Court must accept these allegations as true. *See id.* at 500. Plaintiff will be without recourse and will likely suffer prejudice without judgment due to Defendants' actions.

Accordingly, the first *Eitel* factor weighs in favor of default judgment.

### 2. Merits and Sufficiency

The second and third *Eitel* factors, which turn on the merits of Plaintiff's substantive claims and the legal sufficiency of the operative complaint, merit further analysis. *See Eitel*, 782 F.2d at 1471–72. Courts typically evaluate these factors together, looking to whether the plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). "[C]ourts often treat these as the [two] most important [*Eitel*] factors." *Mnatsakanyan v. Goldsmith & Hull APC*, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013). Generally, when reviewing a motion for default judgment, a court must accept the factual allegations of the complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

"To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

As to the first prong, the ADA defines disability in relevant part as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1)(A). Qualifying "major life activities" include, among others, "walking" and "standing." *Id.* § 12102(2)(A). The ADA mandates that the definition of disability "be construed in favor of broad coverage of individuals under this chapter, to the maximum extent permitted by

this chapter." *Id.* § 12102(4)(A).  Here, Plaintiff has sufficiently alleged that he suffers from a disability which substantially limits major life activities.  Taking the allegations in the Complaint as true, Plaintiff suffers from multiple sclerosis and requires a wheelchair to travel while in public.  Compl. ¶ 1.  Accordingly, his disability substantially limits major life activities.

As to the second prong, the plaintiff must prove that the defendant "owns, leases, or operates a place of public accommodation." *Arizona ex rel. Goddard*, 603 F.3d at 670.  Plaintiff alleges that Defendants are the real property owners, business operators, lessors, or lessees of the subject property.  Compl. ¶ 2.

The Business appears to qualify as "a place of public accommodation." Congress did not define "place of public accommodation" in the ADA, instead providing "an illustrative list of twelve types of private entities that qualify as public accommodations." *Langer v. Kiser*, 57 F.4th 1085, 1100 (9th Cir. 2023) (citing 42 U.S.C. § 12181(7)).  Among those categories is the following list:  "a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7)(F).  A bathroom supply store may be categorized as a service establishment and is accordingly a place of public accommodation.

As to the third prong, Plaintiff must prove that he "was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard*, 603 F.3d at 670.  The ADA provides that discrimination by a public accommodation may include "a failure to remove architectural barriers . . . in existing facilities, . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  "To satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).  Under the burden-shifting framework articulated in *Lopez*, "ADA plaintiffs moving for default judgment" are required "to articulate a 'plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits.'" *Ho v. Brite Spot LLC*, 2023 WL 8884365, at *3 (C.D. Cal. Oct. 19, 2023) (quoting *Lopez*, 974 F.3d at 1038).

Here, Plaintiff fails to make sufficient allegations.  Plaintiff generally states that his requested accommodations are readily achievable.  Compl. ¶¶ 18–25; Mot.

at 8. Though not specified in the Complaint, the Motion states that the alteration required to bring the parking space into compliance is "limited to some concrete work to have a ramp to the entryway, a temporary ramp made readily available during operating hours, or an alternate accessible entrance provided." Mot. at 8. But Plaintiff does not provide an estimation of the costs of the concrete work, temporary ramp, or alternate access. Furthermore, both the Complaint and Motion "fail to address or otherwise show how the costs of removal do not exceed the benefits under the particular circumstances." *Bouyer v. Shaina Prop., LLC*, 2020 WL 7775618, at *2 (C.D. Cal. Nov. 2, 2020) (denying application for default judgment in an ADA case where the complaint failed to plead facts plausibly showing that the barriers' removability was readily achievable). Without sufficient information on whether the costs of barrier removal exceed the benefits under the circumstances, the Court cannot determine that the alterations are "readily achievable."

Accordingly, having failed to satisfy the third prong, the second and third *Eitel* factors weigh against default judgment.

### 3. Amount in Dispute

Under the fourth factor, the Court "must consider the amount of money at stake in relation to the seriousness of [the] [d]efendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see also Eitel*, 782 F.2d at 1471–72. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). However, when "the sum of money at stake is tailored to the specific misconduct of the defendant, default judgment may be appropriate." *Id.* (citations omitted).

Here, Plaintiff seeks nothing in damages, and only seeks injunctive relief and attorneys' fees. *See, e.g.*, Mot. at 6. Indeed, injunctive relief and attorneys' fees are the only categories of relief available to plaintiffs in Title III ADA actions. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III.") (citing 42 U.S.C. § 12188(a)(1)); *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1163 (C.D. Cal. 2005) ("*Aside from attorney's fees*, the only remedy available to a private litigant under Title III of the ADA is injunctive relief.") (emphasis added). However, this factor is difficult to assess in light of the fact that Plaintiff has provided no sense of the cost of complying with an

injunction.  Accordingly, the fourth factor weighs against default judgment for lack of proof.

### 4. Possibility of Factual Dispute

"The fifth *Eitel* factor examines the likelihood of disputes between parties regarding material facts surrounding the case." *PepsiCo*, 238 F. Supp. 2d at 1177. Upon entry of default by the clerk, the factual allegations of the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys.*, 826 F.2d at 917–18.  Here, although Defendants have shown no intent to participate in the action and default has been entered, the Court cannot find that Plaintiff has provided sufficient support for his claims for the reasons articulated above.  As a result, the Court cannot say that there is little to no possibility of factual dispute, because there is insufficient information provided as to the achievability of the requested alteration.  Accordingly, this factor weighs against default judgment.

### 5. Excusable Neglect

The sixth factor, excusable neglect, favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  There is no indication of excusable neglect here because Defendants were properly served with the Complaint.  *See* Proofs of Service.  Accordingly, this factor favors default judgment.

### 6. Policy

Under the seventh factor, the Ninth Circuit has stated that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472.  While it is not dispositive, this factor weighs against entering default judgment. *See PepsiCo*, 238 F. Supp. 2d at 1177 (noting that the policy preference to decide cases on the merits "standing alone, is not dispositive").

Accordingly, the Court finds that default judgment based on this record would be inappropriate.  Critically, Plaintiff has failed to state a claim because Plaintiff failed to provide the Court with a realistic sense of the cost of complying with an injunction, whether the costs of barrier removal exceed the benefits under the circumstances, and whether the requested alteration is readily achievable.  In addition to the *Eitel* factors weighing against default judgment, it would also be

inequitable to grant default judgment and to force compliance on the basis of a Complaint that does not state a claim.

## IV.  CONCLUSION

The Motion is **DENIED without prejudice**.  Plaintiff may file a renewed motion for default judgment by **July 23, 2025**.  Failure to timely or properly file may result in the Court dismissing the case.

**IT IS SO ORDERED.**